PEOPLE v. BLANCHARD.

1. CHATTEL MORTGAGES — CRIMINAL LAW—INTENT—DISPOSING OF MORTGAGED GOODS—PRESUMPTION.
   The fact that a mortgagor sold an automobile which he had mortgaged without paying the mortgage debt, gives rise to a presumption of intent to defraud, in violation of 3 Comp. Laws 1915, § 15383.

2. SAME—MORTGAGEE'S CONSENT TO SALE NOT SHOWN.
   Defendant's contention that the mortgagee's manager acquiesced in the sale of the mortgaged automobile without receiving payment of the mortgage debt, held, not sustained by the record.

3. SAME—QUASHING INFORMATION ERROR WHERE EVIDENCE SUFFICIENT TO PROVE OFFENSE CHARGED.
   Where there was evidence tending to prove every element of the offense charged in the information, a violation of 3 Comp. Laws 1915, § 15383, the trial court was in error in quashing the information.

¹Chattel Mortgages, 11 C. J. § 381; ²Id., 11 C. J. § 383; ³Id., 11 C. J. § 383; Criminal Law, 16 C. J. § 2299.

Error to superior court of Grand Rapids; Verdier (Leonard D.), J.    Submitted April 15, 1927.    (Docket No. 144.)    Decided June 6, 1927.

Jay Blanchard was informed against for a violation of section 15383, 3 Comp. Laws 1915.    From an order quashing the information, the people bring error.    Reversed and remanded.

*Earl W. Munshaw*, Prosecuting Attorney, and *P. A. Hartesvelt*, Assistant Prosecuting Attorney, for the people.

*Cornelius Hoffius*, for appellee.

McDONALD, J.    The information in this case was laid under section 15383, 3 Comp. Laws 1915.    It contains two counts.    The first charges the defendant with feloniously and fraudulently concealing an automobile on which the National Discount Corporation held a chattel mortgage.    The second count charges that he feloniously and fraudulently disposed of the automobile with intent to defraud the National Discount Corporation.

The defendant is a dealer in automobiles in the city of Grand Rapids, Michigan.    The National Discount Corporation assisted him in financing his business by discounting his conditional sales contracts and by loaning him money secured by chattel mortgages on automobiles.    The corporation loaned him $925, and as security took a chattel mortgage on a Hudson brougham car.    He sold the car without paying the mortgage debt.    A warrant was issued on complaint of the corporation.    An examination was had in the police court of the city of Grand Rapids.    He was held to trial in the superior court.    After the filing of the information, his counsel moved to quash the information.    The motion was granted, and the defendant discharged.    The people have brought error.

The question to be determined is whether the examination taken before the magistrate contains evidence showing that there is probable cause to believe that the defendant was guilty of the offense charged. It is urged that the evidence does not disclose any "fraudulent or felonious intent on the part of the defendant to embezzle, conceal, or dispose of any goods under chattel mortgage." The evidence shows that the car in question was owned by the defendant, that he mortgaged it to the National Discount Corporation to secure a loan of $925, that he sold it without the consent of the corporation and left the mortgage debt unpaid. From the fact that he sold the automobile without paying the mortgage debt, there arises a presumption of intent to defraud.

It is further urged that Mr. Rose, the manager of the National Discount Corporation, consented to the sale of the automobile without receiving payment of the mortgage debt, and thereafter collected interest from the defendant and treated the debt as a civil obligation. This contention is not supported by the evidence. Mr. Rose gave positive testimony that he did not know of the sale until after it was made, and did not consent to it. There is testimony that the National Discount Corporation had made other loans to the defendant and held chattel mortgages on other automobiles. When the defendant sold the automobile in question, Mr. Rose took possession of the other automobiles. Some interest was credited to the defendant, but it does not definitely appear on which of the accounts the payment was applied. We find nothing in the record tending to show that the sale was acquiesced in, and thereafter the debt treated as a civil obligation.

The other reasons assigned for quashing the information are so wholly without merit that we do not, deem it necessary to discuss them. There was evidence tending to prove every element of the offense charged

in the information.     The trial court was wrong in quashing it.

The order entered is reversed and the case remanded with directions to reinstate the information.

SHARPE, C. J., and BIRD, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.